# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES LONSDALE, Booking #25707540,<br><br>                    Plaintiff,<br><br>       vs.<br><br>ABALOS, *et al.*,<br><br>                    Defendants. | Case No. 25-cv-1583-BAS-SBC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Plaintiff Gabriel Pies Lonsdale, an inmate confined at the San Diego Central Jail and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis* ("IFP"). (*See* ECF Nos. 1, 2.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1  Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to
2  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
3  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner
4  seeking leave to proceed IFP must submit a "certified copy of the trust fund account
5  statement (or institutional equivalent) for . . . the 6-month period immediately preceding
6  the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,
7  1119 (9th Cir. 2005).  From the trust account statement, the court assesses an initial
8  payment of 20% of (a) the average monthly deposits in the account for the past six months,
9  or (b) the average monthly balance in the account for the past six months, whichever is
10 greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce*
11 *v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining
12 balance in "increments" or "installments," regardless of whether their action is ultimately
13 dismissed.  28 U.S.C. § 1915(b)(1), (2); *Bruce*, 577 U.S. at 84.
14         In support of his IFP motion, Plaintiff has submitted a copy of his San Diego Central
15 Jail Inmate Statement Report and Prison Certificate attested to by a trust account official.
16 (ECF No. 2 at 4.)  The document reflects that Plaintiff had an average monthly balance of
17 $19.41 and average monthly deposits of $35.62, with an available balance of $0.31.  (*Id.*)
18 Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial
19 partial filing fee of $7.12.  However, *this initial fee need be collected only if sufficient funds*
20 *are available in Plaintiff's account at the time this Order is executed*.  *See* 28 U.S.C.
21 § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a
22 civil action or appealing a civil action or criminal judgment for the reason that the prisoner
23 has no assets and no means by which to pay the initial partial filing fee"); *Taylor v.*
24 *Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as
25 a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to
26 pay . . . due to the lack of funds available to him when payment is ordered").  Pursuant to
27 28 U.S.C. § 1915(b)(2), the agency having custody of Plaintiff will forward payments to
28 the Clerk pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1), (2) until the

$350 statutory fee is paid in full.

## II.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)

### A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Allegations in the Complaint

In Count One, Plaintiff alleges that on June 4, 2025, Defendant Abalos, a Correctional Counselor at the San Diego Central Jail, "refuse[d] to follow Title 15.3162 and provide legal forms and duplicates[,] refus[ed] to redact personal information[,] and assault[ed] me by snatching a pen from my hand[,] scratching my right pinky when I was signing legal documents at the San Diego Central Jail because I refuse[d] to flirt with her in her control games." (ECF No. 1 at 4.)  Plaintiff further alleges Defendant Correctional Counselor De Los Reyas "was following Abalos[']s] order." (*Id*.)

In Count Two Plaintiff alleges that Defendant Braden, a Legal Support Supervisor employed with the Office of Assigned Counsel (AOC), "will not process my motions in court." (*Id*. at 5.)  Plaintiff continues, asserting that Braden is supposed "to turn my motions [in]to court [and] not deny me due process.  They have no power to do so[.]  I am pro se[,] there [sic] job is only to drop my legal documents to the court and to pick legal documents [up for] me." (*Id*.)

In Count Three, Plaintiff alleges: "I was being escorted back to unit 5B because I refuse[d] to talk to [Defendant Sheriff's Deputy Mondragon, who] yelled at me [to] walk on the red line in an attempt to get me attacked by other sheriffs." (*Id*. at 6.)  Plaintiff states that he subsequently "went to medical" where "a med[ical] report was made." (*Id*.) Plaintiff further alleges that Defendant Mondragon later came to his cell door to give him an email from the office of his assigned counsel and took photographs of Plaintiff's hand, which Abalos had hit. (*Id*.)  Plaintiff adds: "I asked for a grievance and . . . I was given a medical slip and request form." (*Id*.)

Plaintiff claims those actions violated his right to due process. (*Id*. at 4–6.)  He requests an injunction ordering the production of medical records relating to the incident and twelve billion dollars in monetary damages. (*Id*. at 8.)

### C.     Discussion

Plaintiff's allegation that his pinky finger was scratched when a pen was taken from his hand is insufficient to state a claim under 42 U.S.C. § 1983.  The Eighth Amendment

forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6–7 (1982). The standard for a pre-trial detainee, which the Court will presume is Plaintiff's status at San Diego Central Jail, requires a showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (to state a claim for unconstitutional conditions of confinement under the Fourteenth Amendment, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries"). The use of force is viewed "from the perspective of a reasonable officer on the scene," and the Court must take into account the particular facts and circumstances of each case. *Kingsley*, 576 U.S. at 397 (noting that courts consider factors including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting").

Plaintiff's allegation that his finger was scratched when a pen was taken from his hand, without more, does not plausibly allege the use of objectively unreasonable force or

any constitutional violation under the applicable standards. *Id.*; *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard). Furthermore, the allegation that Defendant De Los Reyas "was following Abalos['s] order," without any further facts support this assertion, is conclusory and therefore insufficient to state a claim. *Iqbal,* 556 U.S. at 678.

The remainder of the Complaint consist of vague and conclusory allegations, including that the "office of his assigned counsel" failed to deliver his motions and that he was "yelled at [to] walk on the red line in an attempt to get [] attacked by other sheriffs." (ECF No. 1 at 5-6.) Such vague and conclusory allegations of misconduct are insufficient to state a claim under 42 U.S.C. § 1983. *Iqbal,* 556 U.S. at 678; *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under § 1983).

To the extent Plaintiff seeks to bring an access to courts claim arising from the alleged interference with his attempts of file documents in a pending criminal case, he has failed to allege an actual injury. To show actual injury Plaintiff, must plausibly allege "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). He "must identify a 'nonfrivolous,' 'arguable' underlying claim" which has been lost or interfered with. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), quoting *Lewis*, 518 U.S. at 353, 353 n.3; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (applying "actual injury" requirement in an access to courts claim of pretrial detainee).

Accordingly, Plaintiff's Complaint is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Leave to Amend

Because Plaintiff is proceeding pro se, the Court will grant an opportunity to amend.

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

## III.   Conclusion and Orders

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2.   **DIRECTS** the Watch Commander at the San Diego Central Jail, or their designee, to collect from Plaintiff's trust account the $7.12 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3.   **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").  If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATED: August 11, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court